UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

        Plaintiff

  v.

APPROXIMATELY $10,420 US CURRENCY,

        Defendant.

Case No. 20-cv-1733-pp

---

**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT (DKT. NO. 10) AND DISMISSING CASE**

---

On November 18, 2020, the plaintiff filed a complaint for *in rem* civil forfeiture. Dkt. No. 1. The plaintiff sought entry of default on February 1, 2021, dkt. no. 9, which the clerk entered the next day. The plaintiff also filed a motion for default judgment. Dkt. No. 10. The court will grant that motion.

**I.    Entry of Default**

Federal Rule of Civil Procedure 55 requires a two-step process before the entry of default judgment. A party first must seek an entry of default based on the opposing party's failure to plead. Fed. R. Civ. P. 55(a). This means that the court must assure itself that the defendant was aware of the suit and still did not respond.

The plaintiff states that approximately $10,420 in United States currency was seized from Heriberto Ignacio-Rodriguez and Laura Pineda at "5XX" Whitcomb Avenue in Sheboygan, Wisconsin on May 29, 2020. Dkt. No. 1 at ¶2.

1

The plaintiff alleges that the money is subject to forfeiture to the United States under 21 U.S.C. §881(a)(6) "because it was used or intended to be used in exchange for controlled substances, represents proceeds of trafficking in controlled substances, or was used or intended to be used to facilitate a violation of 21 U.S.C. §841(a)(1)." Id. at ¶7.

The approximately $10,420 in United States currency was seized alongside Schedule I controlled substances during the execution of a search warrant at the residence of Heriberto Ignacio-Rodriguez and Laura Pineda. Id. at ¶10. The DEA began administrative forfeiture proceedings against the defendant property prior to August 21, 2020 when Laura Pineda filed a claim in the administrative forfeiture proceeding to the defendant property, id. at ¶¶19-20.

The plaintiff posted notice on the official government internet site for at least thirty consecutive days beginning on November 19, 2020, as required by Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. Dkt. No. 10 at ¶3. The plaintiff also filed a notice of the complaint for civil forfeiture of property and served it, along with a copy of the verified complaint, on potential claimants Heriberto Ignacio-Rodriguez, dkt. no. 5, and Laura Pineda, dkt. no. 6. The thirty-five-day deadline for the potential claimants to file a claim expired December 28, 2020. Dkt. No. 10 at ¶7. No claims were timely filed. Id. at ¶8; Dkt. No. 8.

The clerk properly entered default.

## II. Motion for Default Judgment (Dkt. No. 10)

After the entry of default, the plaintiff may move for default judgment under rule 55(b). Fed. R. Civ. P. 55(b). When the court determines that a defendant is in default, the court accepts as true the well-pleaded allegations in the complaint. e360 Insight v. The Spamhaus Project, 500 F.3d 594, 602 (7th Cir. 2007). "A default judgment establishes, as a matter of law, that defendants are liable to plaintiff on each cause of action in the complaint." Id. However, "even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of damages are not deemed true." Id. (quoting In re Catt, 38 F.3d 789, 793 (7th Cir. 2004)). A district court "must conduct an inquiry in order to ascertain the amount of damages with reasonable certainty. Id. Rule 55(b)(2) allows the district court to conduct this inquiry through hearings or referrals, if necessary, to determine the amount of damages. Fed. R. Civ. P. 55(b). Such proceedings are unnecessary, however, if the "amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." e360 Insight, 500 F.3d at 602 (quoting Dundee Cement Co. v Howard Pipe & Concrete Prods., Inc., 722 F2d 1319, 1323 (7th Cir. 1983)).

The plaintiff has established that the property was subject to forfeiture under 21 U.S.C. §881(a)(6) because it related to violations of 21 U.S.C. §841(a)(1). The complaint explains that the defendant property was seized in May 2020 during the execution of a search warrant at the residence of Ignacio-

3

Rodriguez and Pineda. Dkt. No. 1 at ¶10. Law enforcement found approximately 31.6 grams of marijuana wax in the same bedroom as the $10,420. Id. at ¶12. In a separate room in the same home, law enforcement found approximately 148.36 grams of heroin and a digital scale. Id. at ¶13. Baggies suspected to contain drug residue were found in a backpack in a third room in the home. Id. at ¶14. Ignacio-Rodriguez reported to officers that the drugs inside the residence belonged to him. Id. at ¶15. Law enforcement then Mirandized and interviewed Ignacio-Rodriguez at the Sheboygan Police Department. Id. at ¶¶16-17. Ignacio-Rodriguez admitted to purchasing and possessing the heroin and stated that the $10,420 defendant property was his money; the plaintiff says Ignacio-Rodriguez "could not provide proof of a legitimate source for that money." Id. at ¶18.

After the DEA began administrative forfeiture proceedings against the defendant property on the ground that it was "used or intended to be used in exchange for controlled substances or was proceedings of trafficking in controlled substances," Pineda filed a claim to the defendant property in the administrative forfeiture proceeding. Id. at ¶¶19-20.

The plaintiff has provided notice to the only known potential claimants by posting notice under Rule G(4)(a)(iv)(C) and mailing copies of the complaint to Ignacio-Rodriguez and Pineda. The well-pleaded allegations in the complaint demonstrate that the defendant property $10,420 is subject to forfeiture by the plaintiff. Because no claimant with a valid interest filed a claim within the statutory period, the court will grant default judgment.

4

Case 2:20-cv-01733-PP    Filed 04/13/21    Page 4 of 5    Document 12

### III. Conclusion

The court **GRANTS** the plaintiff's motion for default judgment. Dkt. No. 10.

The court **ORDERS** that the defendant property—approximately $10,420 in United States currency seized from 5XX Whitcomb Avenue, Sheboygan, Wisconsin—is **FORFEITED** to the United States of America.

The court **ORDERS** that no right, title, or interest in the defendant property shall exist in any other party.

The court **ORDERS** that the United States Marshal Service for the Eastern District of Wisconsin or its duly authorized agent must seize the defendant property and must dispose of it according to law.

The court **ORDERS** that this case is **DISMISSED**. The clerk will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 13th day of April, 2021.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**